UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 3:13-cr-00018-RLY-WGH |
| JOHN CARTER, also known as JAY, | ) ) | |
| Defendant. | ) ) ) | |

**ENTRY ON DEFENDANT'S MOTION IN LIMINE TO LIMIT ACTS OF SPECIFIC CRIMES, WRONGS, OR OTHER MISCONDUCT**

Defendant, John "Jay" Carter, is charged in an eleven count indictment with conspiracy to commit money laundering and related charges. The indictment alleges that Defendant conspired with several Evansville, Indiana area marijuana distributors to launder the cash proceeds of their marijuana distribution activities, through the purchase and transfer of ownership of various business entities and property. This matter is set for trial on October 20, 2014. Before the court is Defendant's motion in limine to limit acts of specific crimes, wrongs, or other misconduct.

**I.  Discussion**

Defendant seeks to prevent the Government from introducing evidence that Defendant allegedly prepared a bogus complaint for forfeiture and allegedly accompanied an individual (believed to be Leo Dillon) to Chicago wherein that individual intended to purchase marijuana. According to Defendant, these acts are inadmissible under Federal

1

Rule of Evidence 404(b), which states in pertinent part: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Government responds that the evidence is admissible under Rule 404, which states that the introduction of crimes, wrongs, or other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The court will discuss each in turn.

### A. The Complaint for Forfeiture

Regarding the complaint for forfeiture, the Government argues that such evidence shows an overt act alleged in the indictment. Specifically Paragraph 14 of the Superseding Indictment states

> In or around November 2011, the exact date being unknown to the Grand Jury, CARTER produced a fictitious document purporting to be a Vanderburgh County, Indiana, state court "Complaint for Forfeiture and Reimbursement" relating to the seizure by law enforcement officers of currency and vehicles from 5322 North Kerth Avenue, Evansville, Indiana. . . . . After CARTER prepared the fictitious document, it was shown to Jose Ramos by an individual known to the Grand Jury, in order to convince Ramos that drug distributors with whom he was working in Evansville, Indiana, including [Adrian] Davison, had sustained a financial loss at the hands of law enforcement, and to explain their inability to pay Ramos for marijuana previously fronted by him.

(Filing No. 20, at ECF p. 6). The Government must prove an overt act in order to convict the Defendant of the money laundering conspiracy charge under 18 U.S.C. § 1956. Fed. Crim. Jury Instr. 7th Cir. 5.08(A) (2013 ed.).

2

The court agrees with the Government that evidence concerning the complaint for forfeiture is not subject to Rule 404; rather, such evidence constitutes proof of the crime with which the Defendant is charged. Thus, the court **DENIES** the Defendant's motion in limine on this ground.

B. **The Chicago Trip**

Regarding the Chicago trip, the Defendant, continuing to deny the allegation, argues that the admission of such a trip against him would be extremely prejudicial and would have no evidentiary value to prove the existence of a conspiracy to launder money. The Government responds that it is not aware of the Defendant stating that he accompanied an individual, but rather that he knew Dillon was stopped coming back from Chicago and law enforcement missed a quantity of currency hidden in Dillon's vehicle. According to the Government, Dillon introduced the Defendant to Adrian Davison and such evidence shows that the Defendant knew Dillon and Davison were marijuana traffickers. This knowledge is relevant to rebuke the anticipated defense that the Defendant did not know that the money he received for various investments, purchases, and financial transactions were from the proceeds of the distribution of marijuana. Thus, the Government argues that the statements in question do not pertain to prior bad acts of the defendant, but rather to his knowledge of the illegal acts of others which is admissible under Rule 404(b).

Because there is a dispute about what the evidence surrounding the Chicago trip shows, the court cannot determine if such evidence is admissible. Therefore, the court

**DENIES** the motion in limine and will revisit the issue at trial should Defendant object to its introduction at that time.

II. **Conclusion**

The court finds that evidence of the complaint for forfeiture is admissible under the Federal Rules of Evidence as it is offered to prove an element of the crime with which Defendant is charged. Additionally, the court cannot determine at this time whether the evidence surrounding the Chicago trip is admissible or not. Therefore, the court **DENIES** Carter's motion in limine (Filing No. 66) at this time. Defendant may renew his objections at trial.

**SO ORDERED** this 15th day of October 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.